UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW L. WOODS,

    Plaintiff,

v.        Case No: 2:19-cv-130-FtM-99UAM

KIMBERLY COMMINS-TZOUMAKAS, HALL, RENDER, KILLIAN, HEATH & LYMAN, PLLC, ALLAN SCHWEITZER, BEACH POINT CAPITAL MANAGEMENT, LLP and WILLIAM SPALDING,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on *sua sponte* review of Plaintiff Andrew Woods's Complaint. (Doc. 1). Woods sues Defendants Kimberly J. Commins-Tzoumakas; Hall, Render, Killian, Heath & Lyman, PLLC (Hall Render); Allan Schweitzer; Beach Point Capital Management, LP (Beach Point Capital); and William R. Spalding for civil conspiracy and tortious interference with contract under Florida law. Woods seeks to establish diversity jurisdiction as the basis for the Court's subject matter jurisdiction. (*Id.*, ¶ 11).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). ("[I]t is well settled that a federal court is obliged to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citations omitted)). In an action filed directly in federal court, like here, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). State law claims can be filed in federal court under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). For diversity purposes, limited liability companies and limited partnerships are citizens of every state in which one of its members is located. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Here, Defendants Beach Point Capital and Hall Render's citizenship is unclear. The Complaint states that "Defendant [Hall Render] is a professional limited liability corporation with its principal place of business in Troy, Michigan." (Doc. 1, ¶ 7). And, "Defendant [Beach Point Capital] is a Delaware limited partnership with its principal place of business in Santa Monica, California." (*Id.*, ¶ 9). This is insufficient. As noted above, the citizenship of every member of Hall Render and Beach Point Capital is relevant for diversity purposes – not the LLC or the LP's state of filing or principal place of business. See *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Woods has not listed the members of Beach Point Capital or Hall Render or the members' citizenship.

Because the Complaint lacks the above allegations, the Court cannot determine whether the parties are minimally diverse. The Court thus dismisses the Complaint without prejudice and Plaintiff will be provided the opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction without prejudice to filing an Amended Complaint **on or before March 21, 2019**. **Failure to do so will result in the Court closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of March, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record